UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| WAYNE GILMORE,<br>an individual,<br><br>           Plaintiff,<br>vs.<br><br>VICKSBURG INCOME<br>PROPERTIES, LLC,<br>a Mississippi Limited Liability Company,<br><br>BELK STORES OF MISSISSIPPI LLC,<br>a Mississippi Limited Liability Company,<br><br>and<br><br>DILLARD'S INC,<br>a Delaware Corporation,<br><br>           Defendants.<br>_____ | )<br>)<br>)   CAUSE NO.: 3:18-cv-78-HSO-LRA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, WAYNE GILMORE ("Mr. Gilmore" or "Plaintiff") through his undersigned counsel, hereby files this Complaint and sues VICKSBURG INCOME PROPERTIES, LLC, a Mississippi Limited Liability Company, BELK STORES OF MISSISSIPPI LLC, a Mississippi Limited Liability Company, and DILLARD'S INC, a Delaware Corporation for injunctive relief, attorneys' fees, and costs pursuant to 42 U.S.C. § 12181 *et seq.* and alleges:

### JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA").  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

1

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Preamble of the Local Uniform Civil Rules ("L.U.Civ.R.")

3. Plaintiff, Mr. Gilmore is a resident of the State of Louisiana in St. John the Baptist Parish. Mr. Gilmore regularly travels to the Jackson, Vicksburg and numerous other parts of Mississippi to visit family and friends, to attend college football games and to shop and eat at local establishments.

4. Mr. Gilmore is paralyzed from the waist down. Mr. Gilmore is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing and requires a wheelchair for mobility.

6. Defendant, Vicksburg Income Properties, LLC, a Mississippi Limited Liability Company, (hereinafter referred to as "VIP"), is registered to do business in the State of Mississippi. Upon information and belief, VIP is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: Vicksburg Mall, generally located at 3505 Pemberton Square Blvd, Vicksburg, MS 39180 in Warren County. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, Belk Stores of Mississippi LLC, a Mississippi Limited Liability Company, (hereinafter referred to as "Belk"), is registered to do business in the State of Mississippi. Upon information and belief, Belk is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: Belk, generally located at 3505 Pemberton Square Blvd, Vicksburg, MS 39180 in Warren County. Defendant is responsible for complying with the obligations of the ADA.

8.      Defendant, Dillard's Inc., a Delaware Corporation, (hereinafter referred to as "Dillard's"), is registered to do business in the State of Mississippi.  Upon information and belief, Dillard's is the owner, lessee, and/or operator of the real property and improvements which are the subject of this action, to wit: Dillard's, generally located at 3505 Pemberton Square Blvd, Vicksburg, MS 39180 in Warren County.  Defendant is responsible for complying with the obligations of the ADA.

9.      Together, the three Defendants named herein own the three plots which comprise the Vicksburg Mall, collectively referenced herein as the "Property".

10.     All events giving rise to this lawsuit occurred in the Southern District of Mississippi.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

11.     Plaintiff realleges and reavers the preceding Paragraphs as if they were expressly restated herein.

12.     The Property, known as the Vicksburg Mall, is open to the public and provides goods and services to the public.  The Property is anchored by Dillard's, Hobby Lobby and Belk, and contains numerous other shops and restaurants.

13.     Mr. Gilmore last visited the Property in November 2017, and attempted to utilize the goods and services offered to patrons.

14.     While at the Property, Mr. Gilmore experienced serious difficulty accessing the goods and utilizing its services due to the architectural barriers discussed below.

15.     Mr. Gilmore desires to visit the Property, but fears that he will again encounter discrimination due to the barriers discussed herein which still exist.

16.     Mr. Gilmore plans to and will visit the Property during his next planned trip to the area during the 2018 college football season when he expects to visit with friends and family and attend college football games. However, but for the barriers to access at the Property, Plaintiff would visit more often.

17.     Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and are discriminating against the Plaintiff due to Defendants' failure to provide and/or correct, *inter alia,* the following barriers to access which Plaintiff personally observed and which hindered his access:

> A.   Plaintiff encountered inaccessible parking spaces designated for disabled use due to inadequately narrow dimensions or, in some instances, failure to provide any adjacent access aisles throughout each of the Defendants' sections of the Property.
>
> B.   Plaintiff encountered inaccessible parking spaces designated for disabled use due to excessive slopes and pavement in disrepair throughout each of the Defendants' sections of the Property.
>
> C.   Plaintiff encountered inaccessible parking spaces designated for disabled use due to improper placement and, in some instances, a lack of disabled signage to identify the disabled use parking spaces throughout each of the Defendants' sections of the Property.
>
> D.   Plaintiff encountered inaccessible curb ramps throughout each of the Defendants' sections of the Property due to excessive slopes, steep side flares and pavement in disrepair.

18. Upon information and belief, there are other current violations of the ADA and ADA Accessibility Guidelines at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

19. To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. The removal of these barriers is readily achievable.

20. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendants.

22. Removal of the barriers to access would allow Plaintiff to fully utilize the goods and services located at the Property.

23. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A. That the Court declares that the Property owned and operated by Defendants are in violation of the ADA;

    B. That the Court enter an Order directing Defendants to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendants to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and,

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

/s/John W. Kitchens
John W. Kitchens (MSB # 101137)
Kitchens Law Firm, P.A.
Post Office Box 799
205 West Railroad Avenue South
Crystal Springs, MS 39059
Telephone: (601) 892-3067
Facsimile: (601) 892-3057
Email:jkitchens@kitchenslaw.net
*Attorney for Plaintiff, Wayne Gilmore*